**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No.  05-37435

SHEILA LYNN ORRICK
a/k/a SHEILA L. ORRICK
f/k/a SHEILA L. HELTON

      Debtor

**MEMORANDUM ON
<u>MOTION TO DETERMINE CLAIM</u>**

**APPEARANCES:**    JENKINS & JENKINS ATTYS., PLLC
    Michael H. Fitzpatrick, Esq.
    2121 First Tennessee Plaza
    800 South Gay Street
    Knoxville, Tennessee  37929-2121
    Attorneys for Chapter 7 Trustee

    EUGENE B. DIXON, ESQ.
    311 College Street
    Maryville, Tennessee  37804
    Claimant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court upon the Motion to Determine Claim filed on August 24, 2007, by the Chapter 7 Trustee, Michael H. Fitzpatrick (Trustee), requesting a determination of whether a $10,000.00 claim filed by Eugene Dixon, Attorney, is allowable as secured, and on the Trustee's Amendment to His Motion to Determine Claim to an Objection to the Secured Claim #7 of Eugene Dixon, Esq., filed on November 12, 2007 (collectively, Objection to Claim). The issue before the court is whether Mr. Dixon is a secured creditor, holding a statutory lien on proceeds received from the settlement of a state court lawsuit.

A preliminary hearing was held on September 20, 2007, at which time the court reserved decision. Thereafter, a second hearing was held on November 8, 2007, at which time it was determined that this matter should be resolved on stipulations and the previously filed briefs. The Stipulation of the Parties Regarding the Trustee's Objection to the Secured Claim #7 of Eugene Dixon, Esq. (Stipulation) was filed on December 7, 2007, and includes the following exhibits: (1) Contract between the Debtor and Mr. Dixon; (2) Complaint filed in the Circuit Court for Blount County, Tennessee, on December 22, 2003, styled *Sheila L. Orrick v. Mark Anthony Teffeteller and Joe Tipton*, Case No. L-14025 (Blount County Lawsuit); (3) letter dated January 12, 2006, to Mr. Dixon from the Trustee's office concerning the Debtor's bankruptcy filing; and (4) letter dated October 5, 2006, to the Trustee from Mr. Dixon concerning the proposed settlement of the Blount County Lawsuit. The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of all material facts of record in the Debtor's bankruptcy case file.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(B) (2005).

# I

In January 2003, the Debtor retained Mr. Dixon to represent her in a personal injury lawsuit against Mark A. Teffeteller and Joe Tipton resulting from a motor vehicle accident. The Debtor and Mr. Dixon entered into a written Contract whereby Mr. Dixon would be entitled to a thirty-three and one-third percent contingency fee of any settlement or recovery plus reimbursement of all costs and expenses. *See* STIP. EX. 1. On December 22, 2003, Mr. Dixon filed the Blount County Lawsuit on the Debtor's behalf. *See* STIP. EX. 2.

On October 14, 2005, the Debtor filed the Voluntary Petition commencing her bankruptcy case under Chapter 7 of the Bankruptcy Code. In her Statement of Financial Affairs, the Debtor listed the pending Blount County Lawsuit, and on January 12, 2006, the Trustee sent a letter to Mr. Dixon asking for a copy of the Complaint and his employment contract with the Debtor. *See* STIP. EX. 3. In mid-September 2006, Mr. Dixon telephoned the Trustee concerning a potential settlement of the Blount County Lawsuit, the terms of which were memorialized in a letter dated October 6, 2006. *See* STIP. EX. 4. On October 23, 2006, the Trustee filed a motion to compromise the Blount County Lawsuit for $30,000.00, which was granted pursuant to an Order entered on November 13, 2006.

On July 11, 2007, Mr. Dixon filed a secured claim in the amount of $10,000.00, representing his one-third contingency fee pursuant to the Contract, asserting an attorney's lien on the proceeds of the settlement. The Trustee objects to treatment of Mr. Dixon's claim as secured and asks the court to disallow it as secured but allow it as a general unsecured claim.

## II

"A proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). Nevertheless, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a) (2005).[1] As the objecting party, the Trustee "bears the burden of going forward and presenting evidence to rebut or cast doubt upon, the creditor's proof of claim. [His] burden is to produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Giordano*, 234 B.R. 645, 650 (Bankr. E.D. Pa. 1999) (quoting *Galloway v. Long Beach Mortgage Co. (In re Galloway)*, 220 B.R. 236, 243-44 (Bankr. E.D. Pa. 1998)). If he meets this burden of proof, it shifts to Mr. Dixon to prove the validity of his secured claim by a preponderance of the evidence. *Giordano*, 234 B.R. at 650; *see also Namer v. Sentinel Trust Co. (In re AVN Corp.)*, 248 B.R. 540, 547 (Bankr. W.D. Tenn. 2000).

The parties do not dispute that Mr. Dixon is a creditor of the Debtor, having performed legal services on her behalf in prosecution of the Blount County Lawsuit. Likewise, there is no dispute that the settlement proceeds thereof were $30,000.00, and pursuant to his Contract with the Debtor,

---

[1] Rule 3007 addresses objections to claims:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

FED. R. BANKR. P. 3007.

Mr. Dixon is entitled to a claim of one-third of that amount, or $10,000.00. The dispute centers entirely around whether Mr. Dixon holds a valid attorney's lien under Tennessee law and is therefore a secured creditor.

Tennessee recognizes attorney's liens as follows: "Attorneys and solicitors of record who begin a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of the suit." TENN. CODE ANN. § 23-2-102 (1994). "This lien 'attaches to any proceeds flowing from a judgment, as long as the lawyer worked to secure that judgment for the client.'" *Schmitt v. Smith*, 118 S.W.3d 348, 351 (Tenn. 2003) (quoting *Starks v. Browning*, 20 S.W.3d 645, 651 (Tenn. Ct. App. 1999)). It relates back to the commencement of the action and attaches to all proceeds, irrespective of the form. *Levy Wrecking Co. v. Centex Rodgers, Inc.*, No. M2005-01196-COA-R3-CV, 2006 Tenn. App. LEXIS 657, at *11, 2006 WL 2855155, at *3 (Tenn. Ct. App. Oct. 6, 2006). There is no requirement that an attorney's lien be noted in a judgment or settlement document to be valid, so long as all affected parties have adequate notice of the lien. *Schmitt*, 118 S.W.3d at 352-53. In disputes between an attorney and a client, "notice is not a problem because the client knew that the lawyer expected to be paid when he or she accepted the client's case." *Starks*, 20 S.W.3d at 651.

Based upon the record, Mr. Dixon has established that he holds a valid attorney's lien in one-third of the settlement proceeds derived from the Blount County Lawsuit relating back to December 22, 2003, the date upon which the lawsuit was commenced. On October 14, 2005, the date the Debtor filed her bankruptcy case, the Trustee succeeded to the rights of the Debtor in all property of her bankruptcy estate, including her interests in the Blount County Lawsuit. *See* 11

U.S.C. § 541(a) (2005); *Demczyk v. Mutual Life Ins. Co. (In re Graham Square)*, 126 F.3d 823, 831 (6th Cir. 1997); *In re Robinson*, 292 B.R. 599, 606 (Bankr. S.D. Ohio 2003). Nevertheless, on that date, Mr. Dixon held a valid attorney's lien under Tennessee Code Annotated section 23-2-102 for one-third of any settlement proceeds plus reimbursement of expenses, notice of which was conferred upon both the Debtor and the Trustee via the Contract. As such, his claim for attorney's fees in the amount of $10,000.00 stemming from settlement of the Blount County Lawsuit is secured.[2] The Objection to Claim will be overruled.

      An order consistent with this Memorandum will be entered.

FILED: January 18, 2008

                                        BY THE COURT

                                        */s/ RICHARD STAIR, JR.*

                                        RICHARD STAIR, JR.
                                        UNITED STATES BANKRUPTCY JUDGE

---

[2] It is irrelevant that Mr. Dixon did not obtain court approval for employment as he does not seek compensation from the estate pursuant to 11 U.S.C. § 330 (2005), and instead, seeks a treatment of his claim as secured by the lien afforded him through Tennessee Code Annotated section 23-2-102.